## JOHN E. FEHLESON, *et al., vs.* THE AMERICAN SCHOONER A. J. WEST.

### April 2, 1908.

*Jurisdiction—Admiralty—Shipping Commissioner:* In a libel for wages and damages, a court in admiralty is without jurisdiction to compel a shipping commissioner to pay into the registry of the court, moneys received by him from the master on account of the wages of libelants.

*In Admiralty*: Motion to compel the shipping commissioner to pay libelant's wages into the registry of the court.

*Geo. A. Davis,* Proctor for Libelants.
*R. W. Breckons,* Proctor for Libellee.

DOLE, J. The libelants have moved for an order directing the shipping commissioner to pay into the registry of this court certain moneys that have been received by him from the master of the libellee on account of wages of the libelants.

The shipping commissioner is not an officer of this court, but receives his appointment from another department of the United States government, and nothing has been done or has occurred to confer jurisdiction over such moneys upon this court.

In the case of *Two Hundred and Fifty Tons of Salt on Board the Schooner Barbara F. Latimer,* 5 Fed. Rep. 216, the salt was libeled for freight while on board the vessel. The marshal, proceeding to serve the attachment, found that the collector of customs had taken possession of the salt for customs dues and was removing it to the customs warehouse. He showed

the collector his warrant and furnished him with a copy.   It was urged at the trial that this was not a service of the attachment inasmuch as the salt was in the possession of the customs department, but the court referring to several authorities on the question of service, ruled that the service in this case was sufficient and legal, inasmuch as the customs authorities had a claim on the salt for an amount which would in all probability be disposed of by a sale and the sale was ordered subject to such claim of the customs department, the court recognizing that such service gave it the necessary jurisdiction over the salt.

There is an apparent equity favoring the allowance of the motion, inasmuch as the money in question belongs to libelants subject to the fees and expenses of the shipping commissioner's office, and they wish the court to take it and hold it for them, much as one deposits a check in the bank for the bank to collect and hold for the owners, but I do not find that this circumstance confers jurisdiction.

The motion is overruled.